**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JEFFREY REAGLE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 09-CV-249-GKF-PJC |
| CLANCY SMITH; DOUG DRUMMOND, | ) ) ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*
AND DISMISSING COMPLAINT**

On April 24, 2009, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. # 1), a motion to proceed *in forma pauperis* (Dkt. # 2), and a motion for appointment of counsel (Dkt. # 3). Plaintiff is in custody at the Oklahoma State Penitentiary, McAlester, OK, and appears *pro se*. For the reasons discussed below, the Court finds Plaintiff's motion to proceed *in forma pauperis* shall be granted. Plaintiff shall be required to make an initial partial payment and, thereafter, monthly payments until the full $350 filing fee is paid. The Court further finds that the complaint shall be dismissed with prejudice. The motion for appointment of counsel shall be declared moot.

**A.     Motion to proceed *in forma pauperis***

After reviewing Plaintiff's motion to proceed *in forma pauperis* the Court concludes that Plaintiff is without funds in his institutional account(s) sufficient to prepay in full the filing fee required to commence this action. Accordingly, Plaintiff's motion to proceed *in forma pauperis* shall be granted and he may proceed without prepayment of the filing fee. However, pursuant to 28 U.S.C. §1915(b)(1), Plaintiff shall be required to pay the full **$350** filing fee as set forth hereafter.

Plaintiff shall pay an initial partial filing fee of **$37.20** which represents 20 percent of the greater of the (1) average monthly deposits, or (2) average monthly balance in Plaintiff's inmate accounts for the six-month period preceding the filing of the complaint. 28 U.S.C. §1915(b). The Prison Litigation Reform Act of 1996 ("PLRA") requires the district court to assess and collect the $350 filing fee even when a case is dismissed before service of the summons and complaint. See 28 U.S.C. § 1915(b)(1). Therefore, after payment of the initial partial filing fee, Plaintiff shall continue to make monthly payments of 20 percent of the preceding month's income credited to his prison account(s) until he has paid the total filing fee of **$350**. 28 U.S.C. § 1915(b)(2).

The trust fund officer or other appropriate prison official at Plaintiff's current place of incarceration is hereby ordered to collect, when funds exist, monthly payments from Plaintiff's prison account(s) in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's prison account(s) shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by Plaintiff. All payments shall be sent to the Clerk, 411 United States Courthouse, 333 West Fourth Street, Tulsa, Oklahoma 74103-3819, attn: PL Payments, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Clerk shall send a copy of this Order to prison officials at the Oklahoma State Penitentiary.

**B. Complaint shall be dismissed**

Pursuant to the Prison Litigation Reform Act ("PLRA"), a district court may dismiss an action filed *in forma pauperis* "at any time" if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff. Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991); Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988). Furthermore, *pro se* complaints are held to less stringent standards than pleadings drafted by lawyers and the court must construe them liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. Hall, 935 F.2d at 1110.

After liberally construing Plaintiff's *pro se* complaint, as amended, see Haines, 404 U.S. at 520-21; Hall, 935 F.2d at 1110, the Court finds that Plaintiff seeks monetary damages from defendants who are immune from such relief. Furthermore, as discussed below, Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 fail to state a claim upon which relief may be granted. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B), the complaint shall be dismissed with prejudice.

Plaintiff's claims relate to the prosecution of criminal charges in Tulsa County District Court, Case No. CF-2007-3743.[1] In his complaint, Plaintiff names two (2) defendants: Clancy Smith, Tulsa

---

[1]The docket sheet for Case No. CF-2007-3743, viewed at www.oscn.net, reflects that after a jury found Plaintiff guilty of Possession of a Firearm (Count 2), Aggravated Assault and Battery Upon a Peace Officer (Count 4), and two counts of Assault and Battery Upon a Police Officer (Counts 5 and 6), all After Former Conviction of Two or More Felonies, the trial court sentenced Plaintiff in accordance with the jury's recommendation to life imprisonment on each of Counts 2

3

County District Judge; and Doug Drummond, Tulsa County Assistant District Attorney. He asserts that he was "unconstitutionally charged with possession of a firearm A.F.C.F.," that his sentence was improperly enhanced, and that the "D.A. lied about bullets." See Dkt. # 1. In his request for relief, Plaintiff asks that he "be released immediately or pardoned of all charges and paid some wrongful incarceration fees to be decided by jury, or sentences on the assault charges be modified to original 5 years D.O.C." See id.

### 1. Defendant Smith is entitled to absolute immunity

Plaintiff claims that Tulsa County District Court Judge Smith illegally sentenced him to "2 lifes [sic] + 160 years" in violation of Double Jeopardy. See Dkt. # 1. In his request for relief, Plaintiff seeks damages for "wrongful incarceration." Id.

A state court judge has absolute immunity for his or her actions, unless they were nonjudicial, or taken in the complete absence of all jurisdiction. Mireles v. Waco, 502 U.S. 9, 11012 (1991). In this case, the Court finds that the actions taken by Defendant Smith forming the basis of Plaintiff's complaint were judicial and within her jurisdiction as District Judge for Tulsa County. Therefore, the Court concludes Defendant Smith is absolutely immune from monetary damages in this civil rights action. Plaintiff's request for money damages against Defendant Smith shall be dismissed with prejudice from this action.

### 2. Defendant Drummond is entitled to absolute immunity

Plaintiff complains that Defendant Drummond lied to the jury "about bullets." See Dkt. # 1. As indicated above, Plaintiff seeks damages for "wrongful incarceration." Id.

---

and 4, and eighty (80) years imprisonment on each of Counts 5 and 6, all to run consecutive to each other.

4

A state prosecutor, such as Defendant Drummond in this case, is entitled to absolute immunity from suits for civil damages when such suits are based on the prosecutor's performance of functions "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Gagan v. Norton, 35 F.3d 1473, 1475 (10th Cir. 1994) (quoted case omitted). Of course, "'actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor.'" DiCesare v. Stuart, 12 F.3d 973, 977 (10th Cir. 1993) (quoting Buckley v. Fitzsimmons, 113 S. Ct. 2606, 2615 (1993)). The Tenth Circuit Court of Appeals has repeatedly found investigative and administrative actions taken by state prosecutors to be adequately protected by the doctrine of qualified, rather than absolute immunity. Gagan, 35 F.3d at 1475-76.

Applying these principles to the case at hand, the Court concludes that the actions of Defendant Drummond taken in prosecuting criminal charges against Plaintiff are the type of conduct protected by absolute immunity. A prosecutor's decisions made during the course of a prosecution relate to the judicial phase of the criminal process. Imbler, 424 U.S. at 430. Because Defendant Drummond is entitled to absolute prosecutorial immunity from civil damages, Plaintiff's request for damages against Defendant Drummond shall be dismissed from this action with prejudice.

**3. Requests for sentence modification or immediate release sound in habeas corpus**

In addition to his request for damages, Plaintiff asks for reduction of his sentence or to "be released immediately or pardoned of all charges." See Dkt. # 1. Because that relief would affect the length or duration of his confinement, the appropriate remedy is provided by the habeas corpus statutes. Preisser v. Rodriguez, 411 U.S. 475, 487-490 (1973); Duncan v. Gunter, 15 F.3d 989 (10th Cir. 1994); Smith v. Maschner, 899 F.2d 940, 951 (10th Cir. 1990). Therefore, Plaintiff's remedy

for seeking sentence reduction or immediate release based on claims challenging the validity of his state convictions would be a petition for a writ of habeas corpus under 28 U.S.C. § 2254 rather than a complaint under 42 U.S.C. § 1983. Plaintiff is reminded that he must exhaust available state remedies before seeking habeas corpus relief. Plaintiff's requests for sentence modification or immediate release shall be dismissed for failure to state a claim upon which relief may be granted.

### 4.  First "prior occasion" under 28 U.S.C. § 1915(g)

Plaintiff has been granted leave to proceed *in forma pauperis*. In addition, he has sued immune defendants and his complaint otherwise fails to state a claim upon which relief may be granted. As a result, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal shall count as Plaintiff's first "prior occasion" under 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**ACCORDINGLY, IT IS HEREBY ORDERED that**:

1.  Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. # 2) is **granted.** Plaintiff is responsible for payment of the **$350** filing fee in monthly installments. Plaintiff shall make an initial partial payment of **$37.20**.

2.  After submitting the initial partial payment, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to his account(s). Prison officials having custody

      of Plaintiff shall forward payments from Plaintiff's account(s) to the Clerk at the address cited herein each time the amount in the account(s) exceeds $10 until the filing fee is paid.

3. Plaintiff's request for money damages against Defendants Smith and Drummond is **dismissed with prejudice** from this action as those Defendants are entitled to absolute immunity.

4. Plaintiff's civil rights complaint (Dkt. # 1) is **dismissed with prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

5. The Clerk is directed to **flag** this dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

6. Plaintiff's motion for appointment of counsel (Dkt. # 3) is **declared moot**.

7. The Clerk shall send a copy of this Order to prison officials at the Oklahoma State Penitentiary, McAlester, Oklahoma.

DATED THIS 29th day of April, 2009.

*Gregory K. Frizzell*
Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma